76 N.J. Super. 325 (1962)
184 A.2d 528
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANGELO CRUZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1962.
Decided September 26, 1962.
*326 Before Judges PRICE, SULLIVAN and MINTZ.
Mr. Morton I. Greenberg (assigned counsel), argued the cause for appellant.
Mr. James A. O'Neill, Cape May County Prosecutor, argued the cause for respondent.
The opinion of the court was delivered by SULLIVAN, J.A.D.
Defendant waived indictment and trial by jury and was tried in the Cape May County Court *327 on an accusation charging him with attempting "to use unlawfully against Chief Philip DeSantis a certain dangerous and deadly weapon and instrument; to wit, a * * * double-barrel shotgun, * * * contrary to the provisions of N.J.S. 2A:151-56 * * *." He appeals from the judgment of the court finding him guilty of the offense charged.
The record shows that defendant and his wife had a bitter dispute which was climaxed by her leaving the family apartment in the middle of the night. Shortly thereafter the wife heard a shot fired, and fearing for her two children who were still in the apartment, she went to the home of Police Chief DeSantis. The chief and Mrs. Cruz returned to the apartment but were refused admittance by defendant, who said he had a gun. The chief told defendant through the closed door that he was not under arrest and that "your wife is here crying and she heard a shot and she thinks maybe a kid got hurt. Let me in. I want to talk to you." When defendant again refused, the chief left and secured additional police and returned to the apartment. After some discussion the defendant admitted the chief into the apartment but kept a loaded shotgun pointed at him. Finally, defendant's attention was distracted and one of the other officers was able to surprise defendant and subdue him.
Defendant on his appeal challenges the constitutionality of N.J.S. 2A:151-56, the statute he was convicted of violating. Said statute provides as follows:
"Any person who attempts to use unlawfully against another, or who carries or possesses with intent to use unlawfully against another, any instrument or weapon enumerated in section 2A:151-5 of this Title, or any other dangerous or deadly instrument or weapon, is guilty of a high misdemeanor, and shall be punished by a fine of not more than $5,000.00, or by imprisonment for not more than 10 years, or both."
Defendant's argument is that the statute violates Article IV, Section VII, paragraph 5 of the New Jersey Constitution because it incorporates by reference the instruments and *328 weapons enumerated in N.J.S. 2A:151-5 instead of listing such instruments and weapons.
The constitutional provision is that:
"No law shall be revived or amended by reference to its title only, but the act revived, or the section or sections amended, shall be inserted at length. No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of the act or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act."
We find no merit to defendant's contention. The design of the constitutional limitation "was the suppression of deceptive and fraudulent legislation; * * * its intent was not to obstruct or embarrass legislation but to secure a fair and intelligent exercise of the lawmaking power; * * * [W]here * * * the act properly embodies complete legislation in itself it may refer to auxiliary laws on the subject without violating the constitutional provision." Eggers v. Kenny, 15 N.J. 107, 124 (1954).
Here, no part of section 5 is made a part of section 56 in the constitutional sense. Behnke v. New Jersey Highway Authority, 13 N.J. 14, 32, 33 (1953). The purpose, meaning and full scope of section 56 are contained within the section itself which makes the attempted unlawful use of a dangerous or deadly instrument or weapon against another, or the possession of such instrument or weapon with intent to so use, a high misdemeanor. The reference to section 5 merely indicates the instruments and weapons encompassed by the statute and avoids an unnecessary enumeration of such instruments and weapons. It does not affect or qualify the substance of the legislation. Port of New York Authority v. Heming, 34 N.J. 144, 153 (1961); Jersey City v. Martin, 127 N.J.L. 18, 23 (E. & A. 1941). As is stated in 1 Sutherland, Statutory Construction (3d ed. 1943) § 1925, p. 398:
"Any other interpretation [of the constitutional provision] would require that each statute provide every detail for its enforcement, resulting in an unnecessary repetition, in bulky and cumbersome statutes and codes."
*329 Defendant's other point is that the police chief acted illegally in attempting to remove the children from defendant's home without a warrant in the middle of the night, and that defendant was justified in using the shotgun as he did.
We do not agree. Under the circumstances then presented to him the actions Chief DeSantis took were reasonable and justified. It is unrealistic to say that he should have attempted to secure some kind of warrant before dealing with such an urgent and pressing situation.
Affirmed.